UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THE ANNUITY, WELFARE, APPRENTICESHIP SKILL
IMPROVEMENT & SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING ENGINEERS,
LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES
JAMES T. CALLAHAN, WILLIAM H. HARDING,
FRANCIS P. DIMENNA and ROBERT SHAW, and JOHN and
JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and
APPRENTICESHIP SKILL IMPROVEMENT & SAFETY
FUNDS of the INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

                        Plaintiffs,

       -against-

PHASE 1 GROUP, INC., NEW YORK CONCRETE CORP.
and PHASE 1 GROUP/NEW YORK CONCRETE, a Joint
Venture,

                        Defendants.
----------------------------------------------------------------X



COMPLAINT

06-CIV-

06 CIV. 5690

JUDGE STEIN

      Plaintiffs, by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

      1.     This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions owed to multi-employer/employee fringe benefit trust funds.

### JURISDICTION

      2.     The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

      3.     Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that, as shown below, the ANNUITY,

WELFARE, APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO ("LOCAL 15") are administered in the County of New York, State of New York at 265 West 14th Street, City and County of New York, State of New York.

## THE PARTIES

4. The LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS (hereinafter collectively referred to as the "LOCAL 15 TRUST FUNDS") are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186. The Trustees of the LOCAL 15 TRUST FUNDS maintain the subject plans at offices located at 265 West 14th Street, New York, New York 10011.

5. JAMES T. CALLAHAN, WILLIAM H. HARDING, FRANCIS P. DIMENNA and ROBERT SHAW are Trustees of the LOCAL 15 ANNUITY, WELFARE, APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 15 TRUST FUNDS also operate as the administrative representative of the Central Pension Fund of the International Union of Operating Engineers responsible for the collection of defined pension benefit contributions owed by entities maintaining collective bargaining agreements with LOCAL 15.

7. The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2), established for the purpose of providing retirement income to employees.

8. The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS, are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1), established for the purpose of providing medical, vacation and other benefits to the employees of contributing employers.

9. JOHN and JANE DOE are beneficiaries of the LOCAL 15 TRUST FUNDS within the meaning of Section 3(8) of ERISA, 29 U.S.C. § 1002(8).

10. The LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

11. Upon information and belief, Defendant, PHASE 1 GROUP, INC. ("PHASE 1") was and still is a New York corporation, with its principal place of business located at 708 Sharrotts Road, Staten Island, New York 10309.

12. Upon information and belief, PHASE 1 was and still is a foreign corporation duly licensed to do business in the State of New York.

13. Upon information and belief, PHASE 1 was and still is a foreign corporation doing business in the State of New York.

14. Upon information and belief, PHASE 1 is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

15. Upon information and belief, Defendant NEW YORK CONCRETE CORP. ("NEW YORK CONCRETE") was and still is a New York corporation, with its principal place of business located at 128 Shotwell Avenue, Staten Island, New York 10312.

16. Upon information and belief, NEW YORK CONCRETE was and still is a foreign corporation duly licensed to do business in the State of New York.

17. Upon information and belief, NEW YORK CONCRETE was and still is a foreign corporation doing business in the State of New York.

18. Upon information and belief, NEW YORK CONCRETE is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

19. Upon information and belief, PHASE 1 and NEW YORK CONCRETE established a joint venture known as PHASE 1 GROUP/NEW YORK CONCRETE, JOINT VENTURE (the "JOINT VENTURE") on or about May 6, 2002.

20. Upon information and belief, Defendant JOINT VENTURE was and still is a joint venture comprised of two New York corporations, with its principal place of business located at 128 Shotwell Avenue, Staten Island, New York 10312.

21. Upon information and belief, the JOINT VENTURE is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 21 inclusive, with the same force and effect as though more fully set forth at length herein.

23. At all relevant times, PHASE 1, NEW YORK CONCRETE and JOINT VENTURE agreed to be bound by the terms and conditions of a collective bargaining agreement with LOCAL 15 dated May 6, 2002 (hereinafter the "Collective Bargaining Agreement").

24. In accordance with the underlying Collective Bargaining Agreement and the Plan Documents, the Defendants consented to the performance of an audit of JOINT VENTURE'S books and records to determine whether the Defendants had made all of its required fringe benefit contributions to the LOCAL 15 TRUST FUNDS in accordance with the Collective

Bargaining Agreement on behalf of the members of LOCAL 15 within there employ for the period of August 1, 2002 through June 30, 2005.

25. That on or about June 12, 2006, the results of said audit were detailed by the Plaintiff's auditor which determined that the Defendants had failed to provide the contractually required fringe benefit contributions for the members of LOCAL 15 in their employ for the period of August 1, 2002 through June 30, 2005 in the amount of $2,539.30.

26. Upon information and belief, Defendants PHASE 1, NEW YORK CONCRETE and JOINT VENTURE have failed to make the contractually required fringe benefit contributions to the LOCAL 15 TRUST FUNDS for the period of August 1, 2002 through June 30, 2005 in the amount of $2,539.30 in violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

27. Upon information and belief, the Defendants may owe additional contributions for the period of July 1, 2005 through Present as required by Section 515 of ERISA, 29 U.S.C. § 1145. The precise figure for the period of July 1, 2005 through Present cannot be determined because the Defendants may not have filed accurate employment reports for those months in which it was required to make contributions as required by the Collective Bargaining Agreement and Section 209 of ERISA, 29 U.S.C. § 1059.

28. Despite repeated efforts by the LOCAL 15 TRUST FUNDS to collect the contributions owed, Defendants PHASE 1, NEW YORK CONCRETE and JOINT VENTURE remains delinquent in making the proper contributions and have failed to pay any portion of the outstanding contributions owed to the LOCAL 15 TRUST FUNDS as detailed above.

29. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; and (e) the costs and disbursements of the action.

30. Accordingly, as a direct and proximate result of the Defendants' defaults, omissions and breaches of the Collective Bargaining Agreement and Section 515 of ERISA, Defendants PHASE 1, NEW YORK CONCRETE and JOINT VENTURE are liable to the Plaintiffs in the amount of no less than $2,539.30 along with potentially additional contributions for the subsequent period not covered by the audit, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 30 inclusive, with the same force and effect as though more fully set forth at length herein.

32. Under the terms of the Collective Bargaining Agreement and ERISA, an employer is required to make payments to the LOCAL 15 TRUST FUNDS and the CENTRAL PENSION FUND based upon an agreed sum or percentage for each employee hour of its hourly payroll

worked or wages paid, and to report such employee hours and wages to the LOCAL 15 TRUST FUNDS and the CENTRAL PENSION FUND.

33. Under the terms of the LOCAL 15 TRUST FUNDS' Agreements, the CENTRAL PENSION FUND'S Trust Fund Agreement, State law and ERISA, Plaintiffs are entitled to audit JOINT VENTURE'S books and records.

34. Upon information and belief, Defendant JOINT VENTURE may have underreported the number of employees, the amount of employee hours and wages paid to its employees and the contributions due for the period of July 1, 2005 through Present.

35. Plaintiffs therefore demand an audit of JOINT VENTURE'S books and records.

**WHEREFORE**, Plaintiffs demand judgment on the First Cause of Action as follows:

1. Of Defendants PHASE 1 GROUP, INC., NEW YORK CONCRETE CORP. and PHASE 1 GROUP/NEW YORK CONCRETE, A JOINT VENTURE, in the amount of contributions determined to be due and owing to the Funds of $2,539.30, plus any additional monies that may be determined to become justly due and owing to the LOCAL 15 TRUST FUNDS during the pendency of this action and before final judgment, together with:

    a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendants, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

    b. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

    c. Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

      d.    Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand judgment on the Second Cause of Action as follows:

1. An order requiring Defendant PHASE 1 GROUP/NEW YORK CONCRETE, A JOINT VENTURE to submit all books and records to Plaintiffs for audit at its cost in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E);

2. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Hastings-on-Hudson, New York
       July 21, 2006

                            Yours, etc.

                            BRADY McGUIRE & STEINBERG, P.C.

By: _/s/ James M. Steinberg_
     James M. Steinberg (JS-3515)
     Attorneys for Plaintiffs
     603 Warburton Avenue
     Hastings-on-Hudson, New York 10706
     (914) 478-4293